Clerk's copy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
AT ALBUQUERQUE NM

JUN 2 8 2000

ROBERT M. MARCH
CLERK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    No. CV-00-0873 LH/LFG
    CR-95-603 LH

ORLANDO GELL-IREN,

    Defendant.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court for preliminary review of Defendant's Petition for Writ of Coram Nobis (CR Doc. #67) filed June 15, 2000, and construed herein as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (the "motion"). Rule 4(b) Governing Section 2255 Proceedings. Defendant claims his sentence resulted from ineffective assistance of counsel during this criminal proceeding. The motion will be transferred to the Court of Appeals for the Tenth Circuit as second or successive. §§ 2255, 2244.

Defendant's claim of ineffective assistance of counsel directly attacks his sentence, and his motion is properly construed under § 2255. As discussed by the Supreme Court in *United States v. Morgan*, 346 U.S. 502, 507-13 (1954), the writ of coram nobis remains viable in the criminal context under the All Writs Act, particularly where the sentence has been served. *See also Avila v. United States*, No. 98-1148, 1998 WL 458567, at **1 (10th Cir. 1998); *United States v. Hernandez*, 94 F.3d 606, 613 n.5 (10th Cir. 1996). On the other hand, the exclusive remedy for an attack on a federal criminal conviction or sentence is afforded by § 2255, *Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (§ 2255 "supplants habeas corpus"), and Defendant's pro se characterization of his claim is not dispositive. *Roman-Nose*



1

*v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992).

Defendant has previously filed a § 2255 motion. *United States v. Gell-Iren*, No. CIV-99-83 LH/LCS. Under § 2255, before a defendant may file or prosecute a second or successive motion, an order authorizing the filing must be issued by the appropriate court of appeals. The instant motion is not Defendant's first motion under § 2255 and is not accompanied by an authorizing order. This proceeding will be transferred to the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1631. *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997).

IT IS THEREFORE ORDERED that the Clerk is directed to TRANSFER this case to the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1631.

_____
UNITED STATES DISTRICT JUDGE